# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | CV F 07-01275 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. SMITH, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Plaintiff filed the instant petition for writ of habeas corpus on August 31, 2007. Petitioner indicates that he was convicted in the United States District Court for the Eastern District of Pennsylvania of various violations of Title 18, United States Code, sections 1951. (Petition, at 2.) Petitioner states that he currently has a Rule 60(b) motion pending in the Eastern District of Pennsylvania. (Petition, at 4.)

In the instant petition, Petitioner contends that his Miranda rights were violated; the sentencing court exceeded its authority under the Guidelines; the sentencing court abused its discretion by denying his Apprendi claim; and the sentencing court erred by failing to divide the restitution between himself and three other co-defendants.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his

1

1  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
2  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
3  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
4  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing
5  court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
6  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
7  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
8  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

9       In contrast, a federal prisoner challenging the manner, location, or conditions of that
10  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
11  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,
12  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
13  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79
14  (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
15  United States, 610 F.2d 672, 677 (9th Cir. 1990).

16       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
17  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
18  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
19  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
20  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
21  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
22  motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,
23  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
24  does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
25  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
26  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
27  petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
28  v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see

United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner clearly is challenging the validity and constitutionality of his conviction and sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. On the form petition, Petitioner impliedly concedes such by stating that "28 U.S.C. § 2255 is the appropriate vehicle for federal prisoner to challenge the imposition of his sentence." (Petition, at 4.) However, he contends that he is challenging the execution of his sentence. Petitioner is mistaken because a petition contending his sentence is invalid is still a § 2255 petition, regardless of how Petitioner attempts to characterize the petition. See Brown, 610 F.2d at 677.

First, Petitioner does not state whether he raised his challenges to the United States District Court for the Eastern District of Pennsylvania by way of § 2255 motion. Petitioner does state however that he currently has a Rule 60(b) motion pending raising the alleged sentencing error. (Petition, at 4.) Second, Petitioner has not stated whether he has sought permission to file a successive § 2255 motion. It is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum. Further, the mere fact that Petitioner has previously filed a 2255 motion, does not make section 2255 inadequate. Aronson v. May, 85 S.Ct. at 5 (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.) Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court. Accordingly, the petition should be dismissed.

In addition, although Petitioner alleges that he is actually innocent of the charges, he does not demonstrate factual innocence. Petitioner contends only that legal errors occurred at his trial and during sentencing. However, even if Petitioner's claims could be construed as a claim of factual innocence, Petitioner has not demonstrated that he has been barred from presenting such

claims by way of § 2255 motion.  Accordingly, Petitioner has failed to demonstrate that § 2255 provides an "inadequate or ineffective remedy," and Petitioner is entitled to proceed by way of a § 2241 petition.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 17, 2007**            /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE