UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WADE KNIGHT, | ) | 1:07-cv-01275-LJO-SMS-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATION** (Doc. 5) |
| v. | ) | |
| | ) | **ORDER DISMISSING PETITION** |
| D. SMITH, | ) | **FOR WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO ENTER** |
| | ) | **JUDGMENT TERMINATING ACTION** |

Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

On September 19, 2007, the Magistrate Judge filed Findings and a Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED, and the Clerk of Court be directed to enter judgment, terminating this action. These Findings and Recommendation were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On October 15, 2007, Petitioner filed objections to the Findings and Recommendation.

In his objections, Petitioner contends that he is factually innocent of the offense "because of the fact that a government

1

1  witness had testified that [he] confessed to participating in the
2  alleged events." (Objections, at 6.)  Petitioner states that on
3  September 24, 2003, he filed a § 2255 motion on September 24, 2002,
4  in the United States District Court for the Eastern District of
5  Pennsylvania raising the claims in the instant petition; however,
6  the motion was denied on November 1, 2002.  (Objections, at 4.)
7  Accordingly, based on Petitioner's own contentions he had an
8  unobstructed procedural shot at presenting his claims.[1]  The mere
9  fact that his § 2255 motion was denied does not render this process
10 inadequate or ineffective. See Aronson v. May, 85 S.Ct. 3, 5 (1964)
11 (a court's denial of a prior § 2255 motion is insufficient to
12 render § 2255 inadequate.)

13     To the extent Petitioner is attempting to claim that he is
14 actually innocent based on the Supreme Court's holdings in
15 Apprendi, Blakely and Booker, the claim is without merit. First,
16 these holding do not establish that Petitioner is *factually*
17 innocent of the underlying charges.  Second, in United States v.
18 Booker, 543 U.S. 220 (2005), the Supreme Court reaffirmed its
19 holding in Apprendi v. New Jersey, 530 U.S. 466 (2000) that "Any
20 fact (other than a prior conviction) which is necessary to support
21 a sentence exceeding the maximum authorized by the facts
22 established by a plea of guilty or a jury verdict must be admitted
23 by the defendant or proved to a jury beyond a reasonable doubt."
24 Booker, 543 U.S. at 244.(citing Apprendi, 530 U.S. at 488-490.  In
25 addition, in Blakely v. Washington, 542 U.S. 296, the Supreme Court

---

[1] Specifically, Petitioner states that in the instant case "he has filed several successive § 2255 motion[s] based around the facts alleged in his § 2241, with no satisfaction." (Objections, at 5.)

2

merely applied its holding in Apprendi to invalid a state sentencing scheme that allowed a sentence of more than three years above the statutory maximum to be supported by facts found only the trial court, not the jury.  Blakely, 542 U.S. at 303-306. Petitioner's claim relies on the Supreme Court's holding in Apprendi, and Apprendi is not a new rule of constitutional law. Any claim that Petitioner did not have an unobstructed procedural shot at presenting this claim, is factually baseless.  Apprendi was decided on June 26, 2000, and although Petitioner does not provide the date he was convicted, he was sentenced on September 7, 2000. (Petition, at 2.)  By Petitioner's own admission he filed his first § 2255 motion on September 24, 2002, well after the Supreme Court issued its holding in Apprendi.[2]  Accordingly, Petitioner's claim is simply unfounded.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendation, filed September 19, 2007, are ADOPTED IN FULL;

---

[2] In addition, the holdings in Apprendi, Blakely and Booker, have not been applied retroactively to petitions for collateral review. See Harris v. United States, 536 U.S. 545, 581 (2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).

3

   2.   The Petition for Writ of Habeas Corpus is DISMISSED; and,

   3.   The Clerk of Court enter judgment for Respondent, terminating this action.

IT IS SO ORDERED.

**Dated:     December 3, 2007                         /s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE